FILED

OCT 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANEICE WHATLEY-BONNER, | No. 11-57257 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-08027-RSWL-JCG |
| v. | |
| PACIFIC TELESIS GROUP COMPREHENSIVE DISABILITY BENEFIT PLAN, Erroneously Sued As AT&T Umbrella Plan 1, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, Senior District Judge, Presiding

Argued and Submitted October 9, 2013
Pasadena, California

Before: PAEZ and HURWITZ, Circuit Judges, and ERICKSON, Chief District
Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Ralph R. Erickson, Chief District Judge for the U.S.
District Court for the District of North Dakota, sitting by designation.

LaNeice Whatley-Bonner appeals the district court's grant of summary judgment to the Pacific Telesis Group Comprehensive Disability Benefits Plan, which had denied her long term disability claim. We affirm.

Before Whatley-Bonner's injury, the Pacific Telesis Group Comprehensive Disability Benefits Plan was restated and its name changed to the AT&T West Disability Benefits Program. The district court properly found that the plan, both before and after reinstatement, granted discretion to the plan administrator to make eligibility determinations and in turn to delegate that discretion to a claims administrator, as it did here.

Because the claims administrator has discretion, its benefits decision "will not be disturbed if reasonable." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989). Here, an independent physician and Whatley-Bonner's treating physician agreed that her disability did not meet the plan definition of long term disability. The claims administrator's denial of Whatley-Bonner's claim was therefore reasonable. *Id.*

In addressing whether the claims administrator's determination was reasonable, the district court is limited to the record before the administrator. *Jebian v. Hewlett-Packard Co. Emp. Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1110 (9th Cir. 2003). The two exhibits that Whatley-Bonner sought to introduce in the district court

were each created after the claims administrator rejected her appeal and were therefore not before the administrator.  The district court did not err in excluding them.

**AFFIRMED.**